1  HOWARD F. SILBER, ESQ. (State Bar #102888)
   The Law Office of Howard F. Silber
2  4607 Lakeview Canyon Rd. Suite 155
3  Westlake Village, CA 91361
   Phone:      (818) 706-8510
4  Facsimile:  (818) 706-8516

5  Attorney for Plaintiffs

6

7              UNITED STATES DISTRICT COURT

8             CENTRAL DISTRICT OF CALIFORNIA

9

10 THE ESTATE OF DEREK BOOGAARD;)        CASE NO: CV-12-09128 ODW (FFM)
   by its Executor ROBERT NELSON; LEN)
11 BOOGARD    an   individual,;  JOANNE)   NOTICE    OF   MOTION   TO   BE
12 BOOGARD an individual,            )   RELIEVED    AS    COUNSEL;
                  Plaintiffs,       )   MEMORANDUM    OF   POINTS   AND
13                                  )   AUTHORITIES;   DECLARATION   OF
   vs.                              )   HOWARD        SILBER;       AND
14                                  )   SUPPLEMENTAL  DECLARATION  TO
15 THE  NATIONAL  HOCKEY  LEAGUE)      BE   SEALED   UNDER   CALIFORNIA
   PLAYERS ASSOCIATION a business form)  RULES  OF  COURT  RULE  2.550(d)  OR
16 unknown; and ROMAN STOYKEWYCH)       OTHER AUTHORITY
   an individual; and DOES 1 through 50,)
17 inclusive,                        )   Date: April 22, 2013
18                                  )   Time: 1:30 pm
                  Defendants.        )   Dept: Courtroom 11
19 _____)   Honorable Judge Otis D. Wright II

20

21

22

23    TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

24    PLEASE TAKE NOTICE that on April 22, 2013 at 1:30 p.m. in Courtroom 11 of the

25 above entitled court located at 312 N. Spring St. Los Angeles, California, or as soon thereafter as

26 the matter may be heard, Howard F. Silber and the Law Offices of Howard F. Silber, as counsel

27 for plaintiffs, THE ESTATE OF DEREK BOOGARRD by its Executor ROBERT NELSON,

28

LEN BOOGAARD, and JOANNE BOOGAARD will and hereby does move to withdraw as counsel of record for all plaintiffs.

This motion is made pursuant to Central District Local Rule 83-2.9.2.1 on the grounds that there has been an irremediable breakdown of the attorney-client relationship such that current counsel is unable to effectively represent any of the BOOGAARD plaintiffs from this date forward.

This motion is made following written notice to LEN BOOGAARD, JOANNE BOOGAARD, and ROBERT NELSON as well as all parties who have appeared in this action. To date moving party is unaware of any opposition to the Motion as further explained in the Declaration of Howard Silber submitted herewith.

This motion will be based upon the attached memorandum of points and authorities and Declaration of Howard F. Silber, a Supplemental Declaration of Howard Silber submitted under seal, the papers and pleadings on file, and upon such further oral and/or documentary evidence as may be presented at the time of the hearing.

Respectfully submitted,

DATED: March 14, 2013

LAW OFFICE OF HOWARD F. SILBER

By _____

HOWARD F. SILBER
Attorney for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

The Local Rules of the United States District Court for the Central District of California state than an attorney may not withdraw as counsel except with leave of court. (Central District of Cal. L.R. 83–2.9.2.1.)   As such, Howard F. Silber and the Law Offices of Howard F. Silber (hereafter "Silber") hereby seek an order permitting them to withdraw as the attorney of record for THE ESTATE OF DEREK BOOGARRD by its Executor ROBERT NELSON, LEN BOOGAARD, and JOANNE BOOGAARD

### I.

### GOOD CAUSE EXISTS FOR THIS MOTION TO WITHDRAW

Unless "good cause" is shown and the "ends of justice" so require, no substitution or relief of attorneys will be allowed where it will cause delay in prosecution of the action. (Central District of Cal. L.R. 83–2.9.2.4.)

The moving papers must disclose adequate grounds for excusing counsel from further representation in the particular case. Federal courts generally look to applicable state rules of professional conduct. In this regard, mandatory and permissive withdrawal are addressed in subparagraphs (B) and (C) of rule 3-700 of the State Bar Rules of Professional Conduct which provide in relevant part as follows:

"(B) Mandatory Withdrawal. [¶] A member representing a client before a tribunal shall withdraw from employment ... if: [¶] (1) The member knows or should know that the client is bringing an action [or] ... asserting a position in litigation ... without probable cause and for the purpose of harassing or maliciously injuring any person; or [¶] (2) The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act; or [¶]

(3) The member's mental or physical condition renders it unreasonably difficult to carry out the employment effectively.

(C) Permissive Withdrawal. [¶] If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal ... unless such request or such withdrawal is because: [¶] (1) The client [¶] ... [¶] (d) [engages in] conduct [that] renders it unreasonably difficult for the member to carry out the employment effectively, or [¶] ... [¶] (2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or [¶] ... [¶] (5) The client knowingly and freely assents to termination of the employment; or [¶] (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."

In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case. (*Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J. 1996).) In determining whether good cause for withdrawal exists, courts have considered whether the client is cooperative or seeks to dictate litigation strategy. (*Whiting v. Lacara,* 187 F.3d 317, 322-23 (2nd Cir. 1999).)

Here, Silber has good cause to withdraw as counsel of record because there has been a complete breakdown of communications with his client as spelled out in detail in the Supplemental Declaration of Howard Silber which has been filed under seal in this action.

Moreover, Silber's withdrawal as counsel of record will not prejudice any of the parties.

As the court is aware it has converted defendants Motion to Dismiss into a Motion for Summary Judgment and set a briefing deadline of March 19, 2013 for any additional briefs the parties sought to file on the issue of Equitable Estoppel only. This motion is being filed in conjunction with plaintiffs Ex Parte Motion to Stay Proceedings and continue the deadline date for the filing of the briefs which will give plaintiff the opportunity to obtain new counsel and extend the time period for both sides to submit these additional briefs if desired.

## II.

### SILBER HAS GIVEN ALL PARTIES NOTICE OF THIS MOTION TO WITHDRAW

An attorney's motion to withdraw must be made upon written notice to the client and to all other parties.   (Central District of Cal. L.R. 83–2.9.2.1.) Where the client has not consented to substitution of counsel, a showing of *actual notice* to the client is often required (i.e., personal delivery or acknowledgment of mail service).

Here, a copy of the Motion was sent to all three clients by e mail ( e mail being the typical manner in which the clients and counsel communicated other than by telephone; secondly a copy was sent by Fed Ex overnight mail (since the two of the plaintiff's reside in Canada), finally a third copy was sent by mail. Previous communications with the clients with respect to this issue are detailed in the declaration of Howard Silber submitted under seal.

### III.

### <u>CONCLUSION</u>

Because the parties will not be prejudiced by the withdrawal and Silber has followed the procedures required to withdraw at this time, Silber respectfully requests that the Court grant this motion to withdraw as counsel of record for plaintiffs THE ESTATE OF DEREK BOOGARRD by its Executor ROBERT NELSON, LEN BOOGAARD, and JOANNE BOOGAARD

DATED: March 14, 2013                    LAW OFFICES OF HOWARD F. SILBER

By _____

HOWARD F. SILBER, ESQ.,
Attorneys for Plaintiffs

## DECLARATION OF HOWARD SILBER

I, Howard Silber, hereby declare as follows:

1.      I am an attorney at law duly licensed to practice in all the courts of the State of California. I am counsel of record for the plaintiffs in this action. As such, I have personal knowledge of the matters set forth in this declaration and if called upon to do so could and would competently testify thereto.

2.      That I have absolutely no working relationship with my clients and cannot continue to work with them. That none of my clients is providing me with any information on their case. Some completely ignore my telephone calls, e mails and texts. That I do not wish to represent these clients further given their actions and disrespect towards me.

3.      That a detailed explanation has been provided to the Court in a Supplemental Declaration which is being filed under seal for the clients' privacy.

4.      That a copy of the Motion was sent to all three clients by e mail (e mail being the typical manner in which the clients and counsel communicated other than by telephone); secondly a copy was sent by Fed Ex overnight mail (since the Boogaard's reside in Canada), finally a third copy was sent by mail.

5.      That I have previously notified the clients that I could no longer represent hem based upon their action in failing and based upon their disrespect for me.


I declare under penalty of perjury under the laws of the United States that the foregoing is

1.     That I have previously notified the clients that I could no longer represent hem based upon their action in failing and based upon their disrespect for me. Attached hereto as Exhibit "A" is a true and correct copy of my letter to Mr. Nelson dated March 6, 2013; as well as my letter to LEN BOOGAARD and JOANNE BOOGAARD bearing the same date as Exhibit "B". That I have received no response from any of the clients what so ever nor anyone on their behalf.

true and correct to the best of my knowledge.

Executed this   14th day of   March, 2013 in Westlake Village, California.

HOWARD SILBER
Declarant

HOWARD F. SILBER, ESQ. (State Bar #102888)
The Law Office of Howard F. Silber
4607 Lakeview Canyon Rd. Suite 155
Westlake Village, CA 91361
Phone:        (818) 706-8510
Facsimile:    (818) 706-8516

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF DEREK BOOGAARD;) by its Executor ROBERT NELSON; LEN) BOOGARD an individual,; JOANNE) BOOGARD an individual, )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>THE NATIONAL HOCKEY LEAGUE) PLAYERS ASSOCIATION a business form) unknown; and ROMAN STOYKEWYCH) an individual; and DOES 1 through 50,) inclusive, )<br> )<br>Defendants. )<br>_____) | CASE NO: CV-12-09128 ODW (FFM)<br><br>[PROPOSED] ORDER GRANTING THE MOTION TO BE RELIEVED AS COUNSEL OF HOWARD F. SILBER AND THE LAW OFFICES OF HOWARD SILBER TO BE RELIEVED AS COUNSEL<br><br>Date: April 22, 2013<br>Time: 1:30 p.m.<br>Dept: Courtroom 11<br>Judge: Otis D. Wright II |

The Motion of Plaintiffs' Counsel Howard F. Silber, Esq. to be relieved as counsel for the plaintiffs came on for hearing before this court on April 22, 2013.

Order on Motion to be Relieved as Counsel

1

2

3    Based upon the pleadings on file and any argument at the hearing, the Court concludes that:

4

5         GOOD CAUSE appearing therefore the Motion is granted. Howard F. Silber and the Law

6    Offices of Howard F. Silber are relieved from representation of the plaintiffs in this matter.

7

8         IT IS SO ORDERED.

9

10   Dated: _____            _____

11                                     Honorable Judge Otis D. Wright II

12

13

14

15

16

17

18

19

20

21

22

23

24

25